IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHERMAN M. HUNT,

      Plaintiff,

v.                                            Civil Action No. 11-2020-DJW

RIVERSIDE TRANSPORTATION,

      Defendant.

## MEMORANDUM AND ORDER

Plaintiff has filed a Motion for Leave to Amend Complaint (ECF No. 32) under Fed. R. Civ. P. 15(a)(2). He requests leave to amend his complaint out of time to add a claim for retaliation in violation of 42 U.S.C. § 1981, clarify and amplify the allegations set forth in his December 28, 2010 charge of discrimination and January 14, 2011 *pro se* complaint, and add other Title VII violations that occurred after the original charge but are related to or grow out of the subject matter of the original charge and complaint. Defendant opposes the motion as untimely because the Scheduling Order deadline for filing motions to amend the pleadings expired on August 31, 2011, and the motion was filed nearly six months later on March 2, 2012. Defendant also opposes Plaintiff's proposed addition of a Title VII retaliation claim as futile because Plaintiff did not seek to amend his complaint within 90 days of receiving his July 12, 2011 right to sue letter. It further argues that any Title VII claims other than race discrimination are futile because Plaintiff has failed to exhaust his administrative remedies as to these claims. As set forth below, the motion is granted in part and denied in part.

**I.      Factual Background**

On December 28, 2010, Plaintiff filed a charge of discrimination with the Kansas Human Rights Commission ("KHRC") against his employer. On the charge form, he checked the box indicating that the discrimination was based upon his race. He also provided the following details regarding his charge of discrimination:

> I have been working for this company as a Janitor/Utility Person since about July 2008. Before that I worked as an independent contractor performing basically the same kind of work. Since I have been employed at this company I believe that I have been treated with disrespect by the entire management staff because of my race, Black· African American. They talk to me any way they want to and make comments like "I am going to put my mop handle up your butt and make a fudge sickle out of you".
>
> Today I was forced to drive the company van when I told them I prefer to drive my own vehicle. They said someone called and reported that I cut them off in the van and I was suspended without pay. They didn't listen to my side or give me a warning. I have no one in the company to complain to.
>
> I believe that I am being discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, by being forced to drive the company van and suspended without pay because of my race, Black-African American.[1]

After receiving a right to sue letter dated January 3, 2011, Plaintiff, proceeding *pro se*, filed his complaint (ECF No. 1) on January 14, 2011. In his complaint, Plaintiff indicated that he was filing his employment discrimination lawsuit under Title VII and based upon his race/color, Black African-American, his gender, and "other label - homo? or gay." He also indicated in his complaint that the conduct complained of involves retaliation, harassment, and sexual slurs. Plaintiff alleges the a dispatch supervisor had told him many times that he "would shove a mop up his butt and make a fudge sickle out of him." Plaintiff also alleged that the human resources supervisor talked down

---

[1]Compl. attach. (ECF No. 1-1) at 2.

to him from day one. He reported that he could not complain because it was not taken seriously, and his supervisor exhibited hostility toward him.

Shortly after he filed his complaint, Plaintiff filed a motion for appointment of counsel on January 18, 2011.

On February 25, 2011, Plaintiff filed a second charge of discrimination with the KHRC. In this charge, Plaintiff asserted that he had been discharged in retaliation for filing his former charge of racial discrimination. Specifically, he alleged in his second charge that:

> I filed a charge for racial discrimination against this employer on December 28, 2010. After I filed the charge my employer called me in to question me about my reasons for filing. They typed up a statement and demanded that I sign it. I signed under duress. I was given a $2 an hour raise. However, my work hours were reduced to less than half of what I was working and they added more responsibilities. The owner offered me $4000 to quit and drop my charges. I declined because I need to work.
>
> I was discharged for allegedly yelling at a dispatcher. I did not yell at her.
>
> I believe that I have been discharged in retaliation for filing a charge of racial discrimination against my employer. I declined their offer of a monetary settlement if I quit and dropped my suit, and have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended.[2]

On May 5, 2011, the Court granted Plaintiff's motion for appointment of counsel (ECF No. 20), and entered an Order Appointing Counsel (ECF No. 21) on May 23, 2011.

In mid-July 2011, Plaintiff received a right to sue letter dated July 12, 2011 relating to his second charge of discrimination.

---

[2]Ex. D to Def.'s Mem. in Opp'n (ECF No. 33-4).

The Court held the scheduling conference on August 25, 2011 and entered the Scheduling Order (ECF No. 27) on August 30, 2011. The Scheduling Order set an August 31, 2011 deadline for filing any motions to amend the pleadings.

During the February 29, 2012 final pretrial conference, when discussing the theories of recovery Plaintiff set forth in the proposed pretrial order, Defendant raised the issue of whether Plaintiff had adequately pled all the claims he sought to include in the pretrial order. The Court suspended the final pretrial conference and set a March 1, 2012 deadline for Plaintiff to file his motion for leave to amend his complaint. Plaintiff filed the instant motion on March 2, 2012 at 2:59 a.m.

## II.     Proposed Amendment

Plaintiff's proposed First Amended Complaint sets forth six counts: (1) Violation of Title VII based on color, (2) Violation of Title VII based on sex, (3) Title VII hostile work environment based on color, (4) Title VII hostile work environment based on sex, (5) Title VII retaliation, and (6) Section 1981 retaliation. It also adds factual allegations to support those claims, as well as adds allegations for events that occurred subsequent to the filing of the complaint.

## III.    Legal Standard Applicable to Motions for Leave to Amend

Under Fed. R. Civ. P. 15(a), parties may amend a pleading "once as a matter of course" before trial if they do so within (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of a responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[3] Other amendments before trial

---

[3] Fed. R. Civ. P. 15(a)(1).

are allowed "only with the opposing party's written consent or the court's leave."[4] Rule 15(a)(2) also provides that "[t]he court should freely give leave when justice so requires."[5] The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[6] The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[7]

### A.     Untimeliness and Undue Delay

Defendant argues that Plaintiff's motion should be denied as untimely filed and because Plaintiff unduly delayed in seeking leave to amend his complaint. Defendant first points out that at the final pretrial conference, the Court set a March 1, 2012 deadline for Plaintiff to file his motion for leave to amend. He did not file the motion until March 2nd. Defendant argues that this is a sufficient basis to deny the untimely motion. Defendant also argues that even if the Court were to find Plaintiff's motion timely filed, it should be denied because Plaintiff unduly delayed in seeking leave to amend his complaint. It asserts that the Court appointed counsel for Plaintiff on May 23, 2011. The Scheduling Order deadline for filing a motion to amend was August 31, 2011. Plaintiff did not file his motion until March 2, 2012, over six months after the deadline.

---

[4] Fed. R. Civ. P. 15(a)(2).

[5] *Id.*; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[6] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[7] *Id.* (quoting *Foman*, 371 U.S. at 182).

Plaintiff asserts that he did not amend earlier because his counsel believed that the February 25, 2011 retaliation charge arose out of the same set of facts and circumstances for which he had already charged and filed suit upon, and he had in fact already alleged retaliation and sex and race-related harassment and discrimination, all which Defendant knew or should have known about. As for the proposed section 1981 retaliation claim, Plaintiff argues that it arises out of the same facts and circumstances underlying the Title VII claims and does not require exhaustion of administrative remedies.

Based upon the circumstances presented here, the Court will excuse Plaintiff's untimely filing of the motion by 2 ½ hours. The Court also finds that Plaintiff did not unduly delay in filing his motion for leave to amend. Plaintiff has explained why a motion to amend the complaint was not filed earlier. The Court will not deny Plaintiff's motion on grounds that was untimely or because Plaintiff unduly delayed in filing it.

### B. Futility of Amendment

Defendant also argues that Plaintiff's motion should be denied based upon futility of amendment. It argues that Plaintiff's proposed amendments are futile because he failed to exhaust his administrative remedies with respect to his new allegations and failed to take affirmative action within 90 days after receiving his second right to sue letter on the second charge for Title VII retaliation.

Defendant, as the party asserting futility of amendment, has the burden to establish futility of Plaintiff's proposed amendment.[8] A proposed amendment is futile if the amended claim would

---

[8] *Layne Christensen Co. v. Bro-Tech Corp.*, 09-CV-2381-JWL-GLR, 2011 WL 3847076 (D. Kan. Aug. 29, 2011).

be subject to dismissal.[9] In determining whether a proposed amendment should be denied as futile, the court must analyze a proposed amendment as if it were before the court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[10] In doing so, the court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the pleading party.[11]

### 1. Retaliation under Title VII

Defendant argues that it would be futile to allow Plaintiff to amend to add a claim for retaliation under Title VII, because Plaintiff failed to move to amend within 90 days of receiving his second right to sue letter. Plaintiff received his second right to sue letter in mid-July 2011, but did not seek leave to amend his complaint to add a claim for Title VII retaliation within 90 days of receiving it.

Plaintiff argues that the Title VII retaliation claim is related to and grows out of the subject matter of the original charge and complaint. He argues that even when a plaintiff seeks to amend his complaint to add a Title VII claim that he arguably did not raise in or does not relate back to a previous charge, courts in the Tenth Circuit will permit the amendment as long as the unexhausted claim is for discrimination like or reasonably related to the allegations of the EEOC charge.

In *Martinez v. Potter*,[12] the Tenth Circuit held that conduct occurring after the filing of an employee's Title VII complaint in federal court involving "discrete and independent [retaliatory] actions" requires the filing of a new EEOC charge. The employee in that case was fired after he filed

---

[9] *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

[10] *Collins v. Wal-Mart, Inc.*, 245 F.R.D. 503, 507 (D. Kan. 2007).

[11] *Anderson*, 499 F.3d at 1232.

[12] 347 F.3d 1208, 1210-11 (10th Cir. 2003).

his Title VII complaint in district court, complaining of prior acts of alleged retaliation. He attempted to add a claim for retaliation based on the firing by including it in his summary judgment brief, but he did not exhaust this new claim before the EEOC and did not move to amend his complaint to include it. The Tenth Circuit upheld the district court's grant of summary judgment, reasoning that the firing was a "discrete and independent action[ ]" that should have been exhausted, even though it "occurred after the filing of the judicial complaint."[13]

In this case, approximately a month after he filed his complaint commencing this action, Plaintiff filed his second charge of discrimination against Defendant alleging that his employment had been terminated due to retaliation for filing the first charge. He received his second right to sue letter in mid-July 2011. Under 42 U.S.C. § 2000e–5(f)(1), a plaintiff's claims under Title VII must be filed within 90 days of receipt of a right to sue letter from the EEOC. Although Plaintiff filed his complaint within 90 days of his receipt of his first EEOC right to sue letter, he failed to move to amend his complaint to assert his Title VII retaliation claim within 90 days of his receipt of his second right to sue letter. The Title VII retaliation claim asserted in Plaintiff's proposed amended complaint thus falls outside the 90-day window and is barred unless it relates back to the original complaint under Fed. R. Civ. P. 15(c)(1)(B).

Federal Rule of Civil Procedure 15(c)(1) provides that "[a]n amendment to a pleading relates back to the date of the original pleading when: . . . (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out– in the original pleading." This provision is intended to give the defendant "fair notice that the litigation is arising

---

[13]*Id.* at 1211 (applying exhaustion requirement for discrete and independent retaliatory acts expounded in *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110-14 (2002)).

out of a specific factual situation."[14] A claim in an amended pleading will not relate back to a previous pleading unless the previous pleading fairly gave the defendant notice of the later-asserted claim.[15] When an amendment is based on different facts, transactions, and occurrences, a claim in an amended pleading will not relate back.[16]

Plaintiff's Title VII retaliation claim is based on new facts not alleged in his original complaint. It is based on events that occurred more than a month after Plaintiff filed his complaint. Defendant could not have reasonably anticipated that it should prepare for a case involving plaintiff's post-complaint claims when Plaintiff did not timely seek to amend his complaint to add these claims after receiving his second right to sue notice. The Court therefore finds that the relation back doctrine is not applicable here. Plaintiff's Title VII retaliation claim asserted in his proposed amended complaint does not arise "conduct, transaction, or occurrence set out–or attempted to be set out– in the original pleading" under Rule 15(c)(1)(B). Plaintiff's retaliation claim is not based on or related to the factual allegations contained in his original complaint. The specific facts and events giving rise to the Title VII retaliation claim occurred after Plaintiff filed his original complaint. The original complaint thus did not put Defendant on notice of Plaintiff's Title VII retaliation claim.

As Plaintiff failed to seek leave to amend his complaint with 90 days of receiving his second right to sue letter and Plaintiff's proposed Title VII retaliation claim does not relate back under Rule

---

[14]*Reed v. Entercom Commc'ns Corp.*, No. 04-2603-CM, 2006 WL 1174023, at *1 (D. Kan. Apr. 28, 2006).

[15]*Id.*

[16]*Id.*

15(c)(1)(B), the Court finds that it would be futile to allow Plaintiff to amend his complaint to add a claim for retaliation under Title VII.

### 2. Retaliation under section 1981

Plaintiff also seeks leave to add a claim for retaliation under 42 U.S.C. § 1981. Plaintiff asserts that he has presented enough factual allegations to plead a claim for retaliation under section 1981, and that this claim is not required to be administratively exhausted.

Defendant does not argue futility as a grounds for denying Plaintiff's motion to amend to add a section 1981 retaliation claim. Instead, it argues that it would be improper and prejudicial for Plaintiff to now add this claim to the lawsuit. The case is ready for summary judgment and pretrial. It would be unduly prejudicial to allow Plaintiff to pursue separate and distinct claims outside the scope of the original complaint.

Defendant has failed to show that it will unduly prejudiced by allowing Plaintiff to amend his complaint to assert a claim for retaliation under section 1981. The proposed amendment does not raise significant new factual issues that are not already present in the case. While allowing the late amendment will cause some prejudice to Defendant, it can largely be eliminated by extending some of the case deadlines. Finally, Defendant has failed to convince the Court that significant discovery will be needed if the Court allows Plaintiff to amend his complaint to add a section 1981 retaliation claim. The Court will therefore grant Plaintiff leave to amend to add a claim for retaliation under 42 U.S.C. § 1981.

### 3. Title VII race and hostile work environment based on race claims

Plaintiff's proposed amended complaint also sets forth counts for violation of Title VII based on color, and hostile work environment based on color. The Court finds that these claims were

adequately pled by Plaintiff's original *pro se* complaint. Plaintiff may amend to add factual allegations further clarifying and supporting these claims.

### 4. Title VII sex and hostile work environment based on sex claims

Plaintiff's proposed amended complaint also sets forth counts for violation of Title VII based on sex, and hostile work environment based on sex. The Court finds that these claims were not adequately pled by Plaintiff's original *pro se* complaint. Nor were these claims administratively exhausted in Plaintiff's December 28, 2010 KHRC charge. Plaintiff did not check the "sex" box on his charge or allege any facts that could be reasonably be construed as alleging discrimination based on sex or a hostile work environment based on sex. As these claims were not previously pled or administratively exhausted, it would be futile to allow Plaintiff to amend his complaint to assert these claims at this point. Plaintiff is therefore denied leave to assert these proposed claims in his first amended complaint.

### C. Prejudice

Defendant's third argument for denying Plaintiff leave to amend is that it will be unduly prejudiced by the late amendment. The discovery deadline has passed and it did not conduct discovery on all of the issues related to Plaintiff's new proposed claims and factual allegations. It would further incur expenses in time and money if required to conduct additional discovery, depositions, and briefing after discovery has already closed and dispositive motions are being prepared.

Plaintiff disputes Defendant's assertion that his proposed amendments will require additional discovery. He claims that no further discovery is needed to prepare the Section 1981 retaliation claim for trial. According to Plaintiff, the only prejudice alleged by Defendant is that unspecified

additional "substantial discovery" and investigation would be required to defend the proposed amendments. Plaintiff also claims that Defendant knew or should have known about the supporting factual allegations to be added either through Plaintiff's precharge reports to members of the company's management and leadership. Also, additional discovery would not be necessary if Defendant had conducted a more thorough investigation based on the facts that Plaintiff had previously reported to management.

Defendant, as the party opposing the amendment, has the burden to show undue prejudice within the meaning of Rule 15. For purposes of Rule 15, "undue prejudice" means "undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant."[17] While any amendment invariably causes some "practical prejudice," undue prejudice means that the amendment "would work an injustice to the defendants."[18] The Tenth Circuit has found that undue prejudice often "occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[19]

In this case, allowing a new retaliation claim under section 1981 does not involve different subject matter or raise significant new factual issues. While allowing the late amendment will cause some prejudice to Defendant, it can largely be eliminated by extending some of the case deadlines. Finally, Defendant has failed to convince the Court that significant discovery will be needed on Plaintiff's Section 1981 retaliation claim.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend Complaint

---

[17]*Carefusion 213, LLC v. Prof'l Disposables, Inc.*, No. 09-2616-KHV, 2010 WL 4004874 (D. Kan. Oct. 12, 2010).

[18]*Id.*

[19]*Minter*, 451 F.3d at 1208.

(ECF No. 32) is granted in part and denied in part.  Plaintiff is granted leave to amend his complaint to add a claim for retaliation in violation of 42 U.S.C. § 1981, and clarify and amplify the Title VII discrimination based upon race and hostile work environment based upon race claims already set forth in his December 28, 2010 KHRC charge and January 14, 2011 *pro se* complaint.  Plaintiff is denied leave to amend his complaint to add counts for violation of Title VII based on sex, and hostile work environment based sex as those claims were not adequately pled by his original *pro se* complaint, nor were they administratively exhausted by his December 28, 2010 KHRC charge.  Plaintiff is further denied leave to amend his complaint to add a Title VII retaliation claim, because he failed to seek leave to amend his complaint within 90 days of receipt of the July 2011 right to sue letter.

**IT IS FURTHER ORDERED** that within **fourteen (14) days of the date of this Order**, Plaintiff may file a modified First Amended Complaint, which is revised to only include claims for violation of Title VII based on color, Title VII hostile work environment based on color, and retaliation under 42 U.S.C. § 1981.

**IT IS FURTHER ORDERED** that a telephone status conference is set for **June 28, 2012 at 3:00 p.m.**  The Court will initiate the conference call.

IT IS SO ORDERED.

Dated this 23rd day of May, 2012, at Kansas City, Kansas.

s/ David J. Waxse  
David J. Waxse  
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties